## KAUPONO *et al. vs.* NAOHO.

### EJECTMENT.   BEFORE AUSTIN, J.

### JULY TERM, 1882.

A verdict and judgment in ejectment have same force as other judgments; but, in analogy to old rules and reasonings, a little more liberality should be exercised in granting a new trial in ejectment than in other cases.

New trial granted for newly-discovered evidence.

### DECISION OF AUSTIN, J.

This is an action of ejectment. The verdict was in favor of defendant.

By the common law, and by the law of several of the United States, the first verdict and judgment in an action of ejectment are not a bar; a second trial, and even a third may be had. This was upon the idea, doubtless, that the title to land should be assured with every possible care.

The law allowing a second new trial, as a matter of course, is not law here, and a verdict and judgment in ejectment have the same force here as other judgments. However, in ejectment cases, in analogy to old rules and reasonings, I think a little more liberality should be exercised in granting new trials than in other cases.

In the case at bar the question was one of identity of a grantor and patentee, and was a close one.

The plaintiff claims to present newly-discovered evidence. The witnesses named are Their Majesties the King and Queen. Their affidavits are not presented and objection is made on that account. The object of requiring such affidavits is to make sure that the testimony is real. I think the high position of the witnesses in this case is sufficient assurance of the reality of the proofs offered. I shall overrule that objection. The defendant claims that the evidence is cumulative, and that due

diligence has not been used by the plaintiff in obtaining the evidence.

His Majesty states that he is now willing to testify in this case. Without this consent he could not be compelled to testify, and his evidence could not have been obtained, it would seem, at the last trial.

His Majesty states: I am very well acquainted with Keaka, claimed to be grantor of the plaintiff; I know where he lived at Pauoa; I saw the Royal Patent of the land at the time Keaka wanted to sell a part of it; that's the land described in that Royal Patent.

This I think is not cumulative, and is material. The other testimony might perhaps be objected to, though it seems strong.

On the whole I am inclined to grant a new trial. Let a new trial be ordered.

*J. L. Kaulukou & J. Russell,* for plaintiffs.

*J. M. Davidson,* for defendant.

Honolulu, July 29th, 1882.